Case 2:06-cv-00914-ID-WC    Document 18    Filed 06/01/2007    Page 1 of 21

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No.: 2:06-cv-00914-ID-WC |
| MARK FREEMAN and CHRISTINA FREEMAN, | ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT

Plaintiffs apply for entry of default judgment against Defendants Mark Freeman and Christina Freeman, pursuant to Rule 55 of the Federal Rules of Civil Procedure and the Local Rules of this Court. The application is based on this Application, the attached declaration of counsel, the pleadings and files in this action, and such additional argument and evidence that may be presented at or before any hearing that the Court may order on this Application. Plaintiffs state as follows:

1.     On May 25, 2007, the Clerk of this Court entered the default of Defendants Mark Freeman and Christina Freeman. Declaration of Kelly F. Pate ("Pate Decl.") ¶ 3.

The default concedes the truth of the allegations of the Complaint as to Defendants' liability. See, e.g., Sony Music Entm't Inc. v. Elias, No. CV 03-6387 DT (RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004) (action against user of on-line media distribution system; "Since this Court has found that Defendant is in default, the factual allegations in Plaintiffs'

complaint are deemed admitted."); Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir.

2002 ("A defaulting party is taken to have conceded the truth of the factual allegations in the

complaint as establishing the grounds for liability as to which damages will be calculated."

(internal quotation marks and citation omitted)); Dundee Cement Co. v. Howard Pipe &

Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded

allegations of a complaint relating to liability are taken as true."); Nishimatsu Constr. Co., Ltd. v.

Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits

the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is

barred from contesting on appeal the facts thus established." (citation omitted)); Trans World

Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363,

93 S. Ct. 647 (1973) ("a default judgment entered on well-pleaded allegations in a complaint

establishes a defendant's liability"); Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d

1345, 1347 (S.D. Fla. 1999) (in copyright infringement case, default establishes liability); 10

James W. Moore, Moore's Federal Practice § 55.12[1] (3d ed. 2002).

The default established Defendants' liability to Plaintiffs for copyright infringement, in

that Defendants used an online media distribution system to copy the copyrighted sound

recordings listed on Exhibit A to the Amended Complaint and to distribute those recordings to

other users of the system. Amended Complaint ¶ 12. These established facts constitute direct

copyright infringement. See In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003),

cert. denied, 540 U.S. 1107, 540 U.S. 1107, 024 S. Ct. 1069 (2004) ("If the music is copyrighted,

such swapping, which involves making and transmitting a digital copy of the music, infringes

copyright. The swappers, who are ignorant or more commonly disdainful of copyright and in

any event discount the likelihood of being sued or prosecuted for copyright infringement, are the

direct infringers."); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001) (individuals who upload and download files from system similar to one Defendant used commit direct copyright infringement).

   1. Defendants have not appeared in this action. Pate Decl. ¶ 4.

   2. Plaintiffs are informed and believe that neither Defendant is an infant or incompetent person, nor in active military service. Pate Decl. ¶ 5. See 50 U.S.C. App. § 520(1).

   3. The judgment sought is:

     a. The minimum statutory damages provided by Section 504 of the Copyright Act ($750) for each of the six (6) infringements alleged in the Amended Complaint, for a total of $4,500.00;

     b. An injunction pursuant to Section 502 of the Copyright Act; and:

     c. Costs, pursuant to Section 505 of the Copyright Act, in the amount of $445.00. Pate Decl. ¶ 6.

**Minimum Statutory Damages**

  Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). 17 U.S.C. § 504(c), in turn, provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). See also Fitzgerald Publ'g Co. v. Baylor Publ'g Co., Inc., 807 F.2d 1110, 1114 (2d Cir. 1986) (copyright "owner may elect to recover – instead of actual damages and profits – statutory damages under 17 U.S.C. § 504(c)(1) for those works whose copyrights were registered at the

time the infringement occurred."); 4 Melville B. Nimmer & David M. Nimmer, Nimmer On Copyright ("Nimmer") § 14.04[A], at 14-44 (2002) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits.").

Plaintiffs need not prove actual damages to be entitled to an award of statutory damages. "Under the current Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available." 4 Nimmer, § 14.04[A], at 14-44-45; see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001), cert. denied, 534 U.S. 1127, 112 S. Ct. 1063 (2002 ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits." (citation omitted)); Los Angeles News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998), cert. denied, 525 U.S. 1141, 119 S. Ct. 1032 (1999) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement").

Courts routinely award minimum statutory damages – or higher – as part of default judgments in copyright infringement cases. See, e.g., Ortiz-Gonzalez, 277 F.3d at 63-64 (award of greater than minimum statutory damages as part of default judgment); D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 35, 37 (2nd Cir. 1990 (awarding greater than minimum statutory damages award as part of default judgment); Morley Music Co. v. Dick Stacey's Plaza Motel,

4

Inc., 725 F.2d 1, 2-3 (1st Cir. 1983 (award of greater than minimum statutory damages as part of

default judgment); Getaped.com, Inc. v Cangemi, 188 F. Supp. 2d 398, 400-02 (S.D.N.Y. 2002

(on default judgment, awarding $30,000 statutory damages for single infringement); Microsoft

Corp. v. Wen, No. C 99-04561 MEJ, 2001 WL 1456654, at *5-6 (N.D. Cal. Nov. 13, 2001 (on

default judgment, awarding $15,000 in statutory damages for each of six infringements); Perfect

10, Inc., v. Talisman Communications Inc., No. CV99-10450 RAP MCX, 2000 WL 364813, at

*3-4 (C.D. Cal. Mar. 27, 2000) (awarding maximum amount of statutory damages for willful

infringement on default judgment).

  Because Plaintiffs here seek only the minimum statutory damages and those damages

easily are ascertainable from the Amended Complaint, no evidentiary hearing is necessary. See,

e.g., Ortiz-Gonzalez, 277 F.3d at 63-64 (no hearing necessary, even where greater than minimum

amount of statutory damages awarded); D.C. Comics Inc., 912 F.2d at 34, 37 (no hearing held

where greater than minimum amount of statutory damages awarded); Morley Music Co., 725

F.2d at 2 (no hearing held, even where greater than minimum statutory damages awarded); see

also O'Brien v. R.J. O'Brien & Assoc., Inc., 998 F.2d 1394, 1405 (7th Cir. 1993) (affirming

default judgment for amount of damages sought in Complaint where court did not hold hearing

on damages); Fustock v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("While it

is true . . . that the damages in this case were neither liquidated nor capable of mathematical

calculation, it was not necessary for the District Court to hold a hearing, as long as it ensured that

there was a basis for the damages specified in a default judgment."); HMG Property Investors,

Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988) ("It is settled that, if

arriving at the judgment amount involves nothing more than arithmetic – the making of

computations which may be figured from the record – a default judgment can be entered without

a hearing of any kind."); <u>Davis v. Fendler</u>, 650 F.2d 1154, 1161-62 (9th Cir. 1981) (affirming default judgment entered without evidentiary hearing where damages sought were a definite sum).

## Permanent Injunction

Section 502(a) of the Copyright Act specifically provides for injunctive relief: "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." <u>See</u> <u>Pacific & Southern Co., Inc. v. Duncan</u>, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1004, 105 S. Ct. 1867 (1985) (Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").

Injunctions are regularly issued pursuant to the mandate of Section 502, because "the public interest is the interest in upholding copyright protections." <u>Autoskill Inc. v. National Educ. Support Sys., Inc.</u>, 994 F.2d 1476, 1499 (10th Cir.), <u>cert. denied</u>, 510 U.S. 916, 114 S. Ct. 307 (1993). "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." <u>Apple Computer, Inc. v. Franklin Computer Corp.</u>, 714 F.2d 1240, 1255 (3d Cir. 1983). Here, an "injunction is necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights." <u>Atari, Inc. v. N. Am. Phillips Consumer Electrics Corp.</u>, 672 F.2d 607, 620 (7th Cir.), <u>cert. denied</u>, 459 U.S. 880, 103 S. Ct. 176 (1982) (preliminary injunction).

Courts also routinely issue injunctions as part of default judgments. <u>See, e.g.</u>, <u>Claremont Flock Corp. v. Alm</u>, 281 F.3d 297 (1st Cir. 2002) (affirming award of default judgment and

6

injunction); Securities & Exch. Comm'n v. Coldicutt, 258 F.3d 939, 945 (9th Cir. 2001) (affirming refusal to terminate permanent injunction issued on default judgment); Johnson v. Kakvand, 192 F.3d 656, 663 (7th Cir. 1999) (affirming default judgment with injunction); Securities & Exch. Comm'n v. McNulty, 137 F.3d 732, 741 (2d Cir.), cert. denied, 525 U.S. 931, 119 S. Ct. 340 (1998) (affirming default judgment enjoining corporate officer from violating securities laws); CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992) (affirming default judgment for injunction requiring defendant in trademark infringement suit to label its product to avoid public confusion); Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d at 1347-48 (entering permanent injunction against copyright infringement on default judgment).

Here, Plaintiffs allege that Defendants' conduct is causing irreparable injury that cannot fully be compensated or measured in money, and that they will continue to suffer such injury unless the Court enjoins Defendants from continuing to infringe Plaintiffs' copyrights. Amended Complaint ¶ 16. In copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits. E.g., Micro Star v. Formgen, Inc., 154 F.3d 1107, 1109 (9th Cir. 1998); Atari, Inc., 672 F.2d at 620. "The only difference in the elements needed for the granting of a permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not merely likelihood of success. . . . Consequently, Plaintiffs in this case need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits." Sony Music Entm't, Inc., 45 F. Supp. 2d at 1347.[1]

---

[1]     "Copyright infringement is presumed to give rise to 'irreparable injury.'" Universal City Studios, Inc. v. Reimerdes, 82 F. Supp. 2d 211, 215 (S.D.N.Y. 2000) (citing Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 124 (2d Cir. 1994)); accord, e.g., Atari, 672 F.2d at 620; In re Aimster Copyright Litig., 252 F. Supp. 2d 634 (N.D. Ill. 2002), aff'd, 334 F.3d 643 (7th Cir. 2003), cert. denied, 540 U.S. 1007, 124 S. Ct. 1069 (2004); A&M Records, Inc. v.

In Paragraph 1 of the Prayer of the Amended Complaint, Plaintiffs specifically requested

the following injunction:

> Defendants shall be and hereby are enjoined from directly or indirectly infringing
> Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any
> sound recording, whether now in existence or later created, that is owned or
> controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of
> Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the
> Internet or any online media distribution system to reproduce (i.e., download) any
> of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings,
> or to make any of Plaintiffs' Recordings available for distribution to the public,
> except pursuant to a lawful license or with the express authority of Plaintiffs.
> Defendants also shall destroy all copies of Plaintiffs' Recordings that Defendants
> have downloaded onto any computer hard drive or server without Plaintiffs'
> authorization and shall destroy all copies of those downloaded recordings
> transferred onto any physical medium or device in Defendants' possession,
> custody, or control.

Damages cannot begin adequately to compensate Plaintiffs for the harm caused, and the

ease, scope, and history of Defendants' infringement more than warrant the requested injunction.

Defendants' infringements were widespread, going well beyond the few representative examples

listed in Exhibit A to the Amended Complaint. See Complaint Ex. B. Moreover, Defendant's

means of infringement – an online media distribution system with tens of millions of potential

users – has left Plaintiffs' Sound Recordings vulnerable to massive, repeated, near-instantaneous,

and worldwide infringement. Because recordings made available over these systems typically

are made available for further unlawful distribution by the users who download them,

Defendants' conduct has subjected Plaintiffs' valuable recordings to ongoing "viral"

infringement. See Aimster, 334 F.3d at 646-47; Napster, 239 F.3d at 1011, 1013-14; Universal

City Studios, Inc. v. Reimerdes, 111 F. Supp. 2d 294, 331-32 (S.D.N.Y. 2000), aff'd, 273 F.3d

429 (2d Cir. 2001) (when digital works are distributed via the Internet, "[e]very recipient is

---

Napster, Inc., 114 F. Supp. 2d 896, 925 (N.D. Cal. 2000) (citing Micro Star v. Formgen Inc., 154
F.3d 1107, 1109 (9th Cir. 1998)), aff'd in part and rev'd in part, 239 F.3d 1004 (9th Cir. 2001).

capable not only of . . . perfectly copying plaintiffs' copyrighted [works] . . . . They likewise are capable of transmitting perfect copies of the [works]. The process potentially is exponential rather than linear."; this means of transmission "threatens to produce virtually unstoppable infringement of copyright.").

Here, moreover, there is no evidence that Defendants have stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendants would stop. Defendants' failure to respond to the Amended Complaint suggests that Defendants do not take seriously the illegality of the infringing activity. Thus, without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to continued, repeated infringement.

In light of the scope and nature of Defendants' infringement, the need to protect Plaintiffs' copyrighted works, and the public interest, the requested injunction prohibits infringement of all copyrighted sound recordings owned by Plaintiffs. See Elias, 2004 WL 141959, at *5 ("To promote judicial economy and avoid similar actions in the future, this injunction issued against Defendant will apply not only to existing works, but also to works created in the future by Plaintiffs and Plaintiffs' affiliates."); Sony Music Entm't, Inc, 45 F. Supp. 2d at 1347-48 (enjoining defendants from infringing any of the copyrighted works owned by Plaintiff, including, but not limited to, those listed in the complaint); Canopy Music, Inc. v. Harbor Cities Broad. Inc., 950 F. Supp. 913, 916 (E.D. Wis. 1997) (enjoining radio station that infringed 10 musical composition copyrights "from performing *any songs to which ASCAP possesses the right to license*") (emphasis added); Columbia Pictures Indus., Inc. v. Babella, No. 95 C 1610, 1996 WL 328015, at *4 (N.D. Ill. June 11, 1996) (enjoining infringement of *any* of plaintiffs' works); Picker Int'l Corp. v. Imaging Equip. Serv., Inc., 931 F. Supp. 18, 45 (D. Mass. 1995), aff'd, 94 F.3d 640 (1st Cir. 1996) (injunction entered which applies "not only to the works as to

9

which infringement has already been adjudicated, but also to any other works presently owned by plaintiff"); Jobete Music Co., Inc. v. Hampton, 864 F. Supp. 7, 9 (S.D. Miss. 1994) (enjoining defendants from performing any musical compositions licensed through ASCAP, not just those listed in complaint); Zeon Music v. Stars Inn Lounge, Ltd., No. 92 C 7607, 1994 WL 163636, at *5 (N.D. Ill. Apr. 28, 1994) (where defendants infringed four songs, court enjoined them "from publicly performing or sponsoring the public performances of *any musical composition included in ASCAP's repertory* until such time as defendants obtain a license to do so") (emphasis added); Weintraub/Okun Music v. Atlantic Fish & Chips, Inc., No. 90 C 4938, 1991 WL 34713, at *4 (N.D. Ill. Mar. 13, 1991) (seven songs infringed by restaurant; Court enjoined "further infringement of the copyrights held by ASCAP members").

For the same reasons, and because Plaintiffs continually create new works -- works that would be vulnerable to infringement if the injunction were limited to existing works, and that would require new litigation to redress each future infringement -- the requested injunction follows standard practice in copyright cases by covering works to be created in the future. See, e.g., Elias, 2004 WL 141959, at *5 ("To promote judicial economy and avoid similar actions in the future, this injunction issued against Defendant will apply not only to existing works, but also to works created in the future by Plaintiffs and Plaintiffs' affiliates."); Princeton Univ. Press v. Michigan Document Serv., Inc., 99 F.3d 1381, 1392-93 (6th Cir. 1996), cert. denied, 520 U.S. 1156, 117 S. Ct. 1336 (1997) ("The weight of authority supports the extension of injunctive relief to future works."); Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994) (permanent injunction includes works created in the future); Basic Books, Inc. v. Kinko's Graphics Corp., 758 F. Supp. 1522, 1542 (S.D.N.Y. 1991) (enjoining infringement of present and future copyrighted works); Orth-O-Vision, Inc. v. Home Box Office, 474 F. Supp. 672, 686

(D.C.N.Y. 1979 ("[I]t is well within [the Court's] equitable power to enjoin infringement of future registered works.").

## Costs of Suit

Courts routinely award costs on default judgment. See, e.g., Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001) (trademark infringement default judgment awarding costs based on affidavit specifying costs submitted with application for default judgment); Century ML-Cable Corp. v. Diaz, 39 F. Supp. 2d 121, 126 (D.P.R. 1999) (same); Cablevision Sys. N.Y. City Corp. v. Lokshin, 980 F. Supp. 107, 115 (E.D.N.Y. 1997) (same); Cross Keys Publ'g Co., Inc. v. Wee, Inc., 921 F. Supp. 479, 481-82 (W.D. Mich. 1995) (copyright infringement action; same); Jobete Music Co., Inc., 864 F. Supp. at 10 (same).

Section 505 of the Copyright Act expressly authorizes recovery of "full costs," because an award of costs would "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." A&N Music Corp. v. Venezia, 733 F. Supp. 955, 959 (E.D. Penn. 1990 (awarding costs on default judgment in copyright infringement action) (citations omitted); see also Cross Keys Publ'g Co., Inc., 921 F. Supp. at 481-82 (default judgment awarding costs).

## Conclusion

Accordingly, Plaintiffs respectfully request that the Court enter a default judgment in favor of Plaintiffs and against Defendants, for statutory damages in the total amount of $4,500.00, an injunction in the form sought in the Complaint, and costs of $445.00.

11

Respectfully submitted,

DATED: June 1, 2007

**/s/Kelly F. Pate**
Dorman Walker (Bar # WAL086)
Kelly F. Pate (Bar # FIT014)
BALCH & BINGHAM LLP
105 Tallapoosa St., Suite 200
P.O. Box 78 (36101-0078)
Montgomery, Alabama 36104
Telephone: (334) 269-3130
Fax: (334) 313-6056

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following non-CM/ECF participant(s) by United States mail, properly addressed and postage prepaid, on this 1st day of June, 2007:

Mark Freeman
118 Arden Road
Montgomery, AL 36109

Christina Freeman
384 Howell Road
Pike Road, AL 36064

/s/Kelly F. Pate
OF COUNSEL

181479.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARK FREEMAN and CHRISTINA FREEMAN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 2:06-cv-00914-ID-WC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF KELLY F. PATE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT

I, Kelly F. Pate, declare:

I am an attorney at law licensed to practice before the Courts of the State of Alabama and this United States District Court. I am an attorney in the law firm of Balch & Bingham LLP, attorneys for Plaintiffs. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

On October 10, 2006, Plaintiffs filed their original Complaint against Defendant Mark Freeman. On February 20, 2007, Plaintiffs filed the Amended Complaint adding Christina Freeman as a Defendant. Attached hereto as Exhibit 1 is a true and correct copy of the Amended Complaint.

On May 24, 2007, the Clerk of this Court entered the default of Defendants Mark Freeman and Christina Freeman. Attached hereto as Exhibit 2 is a true and correct copy of the Default By Clerk.

Neither Defendant has appeared in this action.

I am informed and believe that neither Defendant is an infant or incompetent person and, after consulting available public databases, neither Defendant is in the military service.

Plaintiffs have incurred costs in this case in the amount of $445.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of May, 2007 at Montgomery, Alabama.

Kelly F. Pate

181390.1                                          2

Case 2:06-cv-00914-ID-WC    Document 18    Filed 06/01/2007    Page 15 of 21

Case 2:06-cv-00914-ID-WC    Document 11    Filed 02/20/2007    Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

ELEKTRA ENTERTAINMENT GROUP            )
INC., a Delaware corporation; SONY BMG )          FEB 20 2007
MUSIC ENTERTAINMENT, a Delaware        )
general partnership; and BMG MUSIC, a  )                CLERK
New York general partnership,          )          U.S. DISTRICT COURT
                                       )          MIDDLE DIST. OF ALA.
            Plaintiffs,                )
                                       )
vs.                                    )   Civil Action No.: 2:06-cv-00914-ID-WC
                                       )
MARK FREEMAN and                       )
CHRISTINA FREEMAN,                     )
                                       )
            Defendants.                )
                                       )

## FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

COME NOW the Plaintiffs and File this First Amended Complaint for Copyright

Infringement and would show unto the Court the following:

### JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States (17 U.S.C. §101, et seq.).

2.    This Court has jurisdiction under 17 U.S.C. § 101, et seq.; 28 U.S.C. §1331

(federal question); and 28 U.S.C. §1338(a) (copyright).

3.    This Court has personal jurisdiction over the Defendants, and venue in this

District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendants

reside in this District, and the acts of infringement complained of herein occurred in this District.

177235.1



EXHIBIT
1

## PARTIES

4.    Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5.    Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

6.    Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

7.    Plaintiffs are informed and believe that Defendant, Mark Freeman, is an individual residing in this District.

8.    Plaintiffs are informed and believe that Defendant, Christina Freeman, is an individual residing in this District.

## COUNT I
## INFRINGEMENT OF COPYRIGHTS

9.    Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

10.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings"). The Copyrighted Recordings include but are not limited to each of the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. In addition to the sound recordings listed on Exhibit A, Copyrighted Recordings also include certain of the sound recordings listed on Exhibit B, attached to

177235.1

Plaintiffs' original Complaint filed on October 10, 2006 and incorporated herein by reference, which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

   11. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

   12. Plaintiffs are informed and believe that Defendants, without the permission or consent of Plaintiffs, have used, and continue to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

   13. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendants.

   14. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

   15. As a result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c)

177235.1

for Defendants' infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

      16.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

      WHEREFORE, Plaintiffs pray for judgment against each Defendant as follows:

      1.     For an injunction providing:

> "Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendants also shall destroy all copies of Plaintiffs' Recordings that Defendants have downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendants' possession, custody, or control."

      2.     For statutory damages for each infringement of each Copyrighted

Recording pursuant to 17 U.S.C. § 504.

      3.     For Plaintiffs' costs in this action.

4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

5.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 20th day of February, 2007.

*Kelly F. Pate*
One of the Attorneys for Plaintiffs

Dorman Walker  (Bar # WAL086)
dwalker@balch.com
Kelly F. Pate (Bar # FIT014)
kpate@balch.com
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101)
Montgomery, Alabama 36104
Telephone: (334) 834-6500
Fax: (334) 269-3115

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing FIRST AMENDED COMPLAINT FOR

COPYRIGHT INFRINGEMENT has been served upon the following non-CM/ECF

participant(s) by United States mail, properly addressed and postage prepaid, on this 20th day of

February, 2007:

Mark Freeman
118 Arden Road
Montgomery, AL  36109

*Kelly F. Pate*
OF COUNSEL

177235.1

## EXHIBIT A

### MARK FREEMAN and CHRISTINA FREEMAN

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Elektra Entertainment Group Inc. | Third Eye Blind | Semi-Charmed Life | Third Eye Blind | 188-673 |
| SONY BMG MUSIC ENTERTAINMENT | Mariah Carey | My All | Butterfly | 244-014 |
| SONY BMG MUSIC ENTERTAINMENT | Savage Garden | Break Me Shake Me | Savage Garden | 299-097 |
| BMG Music | Kenny Chesney | I Lost It | Greatest Hits | 277-700 |
| BMG Music | Kenny Chesney | That's Why I'm Here | I Will Stand | 238-371 |
| BMG Music | Lorrie Morgan | Good As I Was To You | Greater Need | 222-871 |

177235.1

Case 2:06-cv-00914-ID-WC    Document 18-2    Filed 06/01/2007    Page 22 of 23

Case 2:06-cv-00914-ID-WC    Document 18    Filed 06/01/2007    Page 21 of 21
Case 2:06-cv-00914-ID-WC    Document 17    Filed 05/25/2007    Page 2 of 2
Case 2:06-cv-00914-ID-WC    Document 16    Filed 05/24/2007    Page 1 of 1

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

ELEKTRA ENTERTAINMENT GROUP, INC., )
a Delaware corporation; SONY BMG MUSIC )
ENTERTAINMENT, a Delaware general )
partnership; and BMG MUSIC, a New York )
general partnership, )
                                     )
          Plaintiffs,                )
                                     )
v.                                   )    Civil Action No. 2:06-cv-914-ID-WC
                                     )
MARK FREEMAN and CHRISTINA           )
FREEMAN,                             )
                                     )
          Defendants.                )
                                     )

## ENTRY OF DEFAULT

It appearing that defendants, Mark Freeman and Christina Freeman, were duly served with

a copy of the summons and complaint on November 20, 2006, by personal service, and a copy of

the summons and amended complaint was served on defendant Christina Freeman on March 7,

2007 and on defendant Mark Freeman on February 20, 2007,  and said defendants have failed to

answer or otherwise defend this action as set out in the affidavit of plaintiffs' attorney filed herein

on May 8, 2007, as required by law.

DEFAULT is hereby entered against defendants, Mark Freeman and Christina Freeman.

DONE THIS 24th ___ day of  May , 2007.

/s/ Debra P. Hackett
_____
DEBRA P. HACKETT
CLERK, UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA



## Pate, Kelly

| | |
|---|---|
| **From:** | efile_notice@almd.uscourts.gov |
| **Sent:** | Friday, June 01, 2007 2:19 PM |
| **To:** | almd_mailout@almd.uscourts.gov |
| **Subject:** | Activity in Case 2:06-cv-00914-ID-WC Elektra Entertainment Group Inc. et al v. Freeman "Motion for Default Judgment" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was received from Pate, Kelly Fitzgerald entered on 6/1/2007 at 2:19 PM CDT and filed on 6/1/2007

| | |
|---|---|
| **Case Name:** | Elektra Entertainment Group Inc. et al v. Freeman |
| **Case Number:** | 2:06-cv-914 |
| **Filer:** | BMG Music |
| | Sony BMG Music Entertainment |
| | Elektra Entertainment Group Inc. |

**Document Number:** 18

**Docket Text:**
MOTION for Default Judgment as to *Mark and Christina Freeman* by Elektra Entertainment Group Inc., Sony BMG Music Entertainment, BMG Music. (Pate, Kelly)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=6/1/2007] [FileNumber=734735-0]
[420e1b87eeb6d7f43f2f4661d7634dc54bcf0e9ffb5e41e1a747371d4ac5700502ccd
a55403005647b06d3f34d98138833a60e16f62ed58b0ccb87120e69dd7d]]

**2:06-cv-914 Notice will be electronically mailed to:**

Kelly Fitzgerald Pate    kpate@balch.com, kpowell@balch.com

Dorman Walker    dwalker@balch.com, dharris@balch.com

**2:06-cv-914 Notice will be delivered by other means to:**

Christina Freeman