IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP, et al., | ) ) ) |
| Plaintiffs, | ) ) ) CIV. ACT. NO. 2:06cv914-ID |
| v. | ) ) |
| MARK FREEMAN, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the court is a motion for entry of default judgment, filed June 1, 2007, by Plaintiffs Elektra Entertainment Group, Inc., Sony BMG Music Entertainment, and BMG Music ("Plaintiffs"). (See Doc. No. 18.) In this copyright infringement lawsuit, Defendants Mark Freeman and Christina Freeman ("Defendants") have not responded to the complaint or otherwise made an appearance, notwithstanding the fact that they have been served with a copy of the summons and complaint. Having obtained an entry of default from the clerk pursuant to Rule 55(a), Plaintiffs presently seek a default judgment against Defendants, pursuant to Rule 55(b)(2), for statutory damages, costs and a permanent injunction.[1] For the reasons to follow, the court finds that Plaintiffs' motion is due to be granted.

---

[1] All citations herein to the Rules are to the Federal Rules of Civil Procedure.

## II. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The court finds adequate allegations of personal jurisdiction and venue.

## III. PROCEDURAL HISTORY AND FACTS

Plaintiffs commenced the above-styled lawsuit on October 10, 2006, by filing a one-count complaint against Mark Freeman. On February 10, 2007, Plaintiffs filed an amended complaint adding Christina Freeman as a defendant. In Count One of the complaint, Plaintiffs allege that they are the copyright owners or licensees of exclusive rights under United States copyright with respect to certain sound recordings ("copyrighted recordings"). (Am. Compl. ¶ 10.) These copyrighted recordings include, but are not limited, to the copyrighted recordings listed in exhibits A and B which are attached to the complaint and the amended complaint. (Compl. (Ex. B)); (Am. Compl. (Ex. A).) Plaintiffs aver that each copyrighted recording contains a notification of copyright, in accordance with 17 U.S.C. § 401(a). (Am. Compl. ¶ 13.) Plaintiffs assert that Defendants, without Plaintiffs' consent, have used and continue to use an online media distribution system to download certain copyrighted recordings, to distribute the copyrighted recordings to the public, and/or to make the recordings available for distribution to others. (Id. ¶ 12.) Plaintiffs further allege that, upon information and

belief, Defendants have acted "willful[ly] and intentional[ly], in disregard of and with indifference to the rights of Plaintiffs." (Id. ¶ 14.)

As a result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs state that they are entitled to statutory damages pursuant to 17 U.S.C. § 504(c), as well as costs. (Id. ¶ 15.) Furthermore, Plaintiffs aver that the conduct of Defendants "is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money." (Id. ¶ 16.) Consequently, Plaintiffs pray for the issuance of a permanent injunction. (Id.)

On November 20, 2006, Plaintiffs served Mark Freeman, by personal service, with a copy of the summons and complaint. (Doc. No. 4.) Christina Freeman was served, by personal service, with a copy of the summons and amended complaint on March 7, 2007. (Doc. No. 13.) Plaintiffs served a copy of the summons and amended complaint on Mark Freeman on February 20, 2007. (Doc. No. 11.) Defendants' deadline for filing an answer has long passed, yet to date Defendants have failed to answer or otherwise make an appearance in this lawsuit.

Subsequently, on May 8, 2007, Plaintiffs filed a motion for entry of default which was supported by a declaration. (Doc. No. 14.) Among other things, the declaration set out that, upon information and belief, Defendants are not minors, are competent, and are not unavailable due to active military service. (See id.) On May 24, 2007, the clerk entered default against Defendants based upon Defendants' failure to answer or otherwise

3

defend this action. (Doc. No. 16.) Having obtained an entry of default from the clerk pursuant to Rule 55(a), Plaintiffs have invoked Rule 55(b)(2), requesting the court to enter a judgment by default against Defendants for statutory damages ($4,500.00), costs ($445.00), and a permanent injunction to prohibit Defendants' further infringement of Plaintiffs' copyrighted recordings.

## IV. STANDARD OF REVIEW

A defendant, who has been properly served, is required to respond to a complaint within twenty days of the date of service, see Fed. R. Civ. P. 12(a), or risk entry of default against it pursuant to Rule 55 of the Federal Rules of Civil Procedure. There are two steps to obtaining judgment by default: the entry of default and the subsequent entry of judgment by default. See Fed. R. Civ. P. 55(a) & (b).

As provided in Rule 55(a), the clerk may enter a party's default with regard to a claim for affirmative relief where the elements of default are shown by an affidavit or other competent proof. See Fed. R. Civ. P. 55(a). In this case, the clerk has entered default against Defendants, and Plaintiffs have moved the court to enter judgment by default. As provided in Rule 55(b)(2) of the Federal Rules of Civil Procedure, where the amount sought is not for a "sum certain or for a sum which can by computation be made certain," the party which is "entitled to a judgment by default shall apply to the court therefor" and

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2). Here, the court finds that "all essential evidence is already of record," S.E.C. v. Smyth, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005), and that, therefore, a hearing is not required.

A default judgment may not be entered by the court solely on the basis of the clerk's entry of default. Rather, the allegations in the complaint must present a "sufficient basis" to support the default judgment on the issue of liability. Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A sufficient basis exists where the "well pleaded" allegations support the causes of action alleged. Id. Allegations which are "well pleaded," except those pertaining to the amount of damages, are taken as true the same as if they had been proven by evidence, and a defendant cannot later seek to contradict those allegations. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3rd Cir. 1990). Therefore, although liability may be established without proof based upon the well-pleaded allegations of the complaint, the measure of damages must be proved. See id.; see also DIRECTV, Inc. v. Huynh, 318 F. Supp.2d 1122, 1127 (M.D. Ala. 2004).

## V.  DISCUSSION

The record in this case establishes that Plaintiffs effectuated service of process on Defendants, that Defendants failed to answer or otherwise defend this lawsuit within the required time, see Fed. R. Civ. P. 12(a), and that the clerk entered Defendants' default, see Fed. R. Civ. P. 55(a).  (Doc. No. 16.)  Furthermore, the record establishes that, although notice of the instant motion for default judgment is not required pursuant to Rule 55(b)(2), Plaintiffs served on Defendants a copy of said motion on June 1, 2007, via the United States mail.  (Doc. No. 18 at 13.)  The court, therefore, is satisfied that Defendants had sufficient notice of the complaint, the amended complaint and the instant motion for default judgment, but have chosen not to respond.

Having carefully reviewed the complaint, the court finds that the "well pleaded" allegations demonstrate a "sufficient basis" to support a finding of copyright infringement, as alleged in Count One.  Nishimatsu Const. Co., Ltd., 515 F.2d at 1206. Plaintiffs have alleged all the elements of a valid and protected copyright.  (Am. Compl. ¶¶ 10-11, 13.)  Moreover, as averred in the amended complaint, notwithstanding that Defendants had knowledge of Plaintiffs' copyrights by virtue of the notice affixed to each work, Defendants, without permission, downloaded and distributed to the public certain enumerated copyrighted recordings.  (Id. ¶ 12.)  In so doing, Defendants infringed upon Plaintiffs' copyrights.  See Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 843 (11th Cir. 1990) ("Public distribution of a copyrighted work is a right reserved to the copyright owner, and usurpation of that right constitutes

infringement.") (citing 17 U.S.C. § 106(3)).  The court, therefore, treats the allegations as to liability in the amended complaint as true and admitted by Defendants.

Having determined that Plaintiffs are entitled to judgment by default on Count One as to liability, the court must ascertain the amount of damages to award.[2]  Pursuant to § 504(a) of the Copyright Act, a "copyright owner may elect . . . , instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  Statutory damages are available even if there is insufficient evidence of actual damages.  See Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001).

Here, Plaintiffs seek the minimum statutory damages of $4,500.00, which is the sum of $750.00 multiplied by six copyright infringements (which are set out in exhibit A to the amended complaint).  The court finds that the statutory damages requested are reasonable and appropriate.

The court also has discretion to "allow the recovery of full costs by or against any party" in a copyright infringement action.  17 U.S.C. § 505.  The court finds that an award of costs is proper in order to "(1) deter future copyright infringement; (2) ensure

---

[2] The court notes that Rule 54(c) of the Federal Rules of Civil Procedure provides that the party requesting judgment by default may not seek judgment in excess of the relief demanded in the complaint.  See Fed. R. Civ. P. 54(c).  The relief Plaintiffs seek is not different in kind and does not exceed in amount that prayed for in the complaint.

that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." A & N Music Corp. v. Venezia, 733 F. Supp. 955, 959 (E.D. Pa. 1990); see also Arista Records, Inc. v. Beker Enterprises, Inc., 298 F. Supp.2d 1310, 1325-16 (S.D. Fla. 2003). Plaintiffs have incurred costs in this case in the amount of $445.00, which includes the $350.00 filing fee, and the court finds that Plaintiffs are entitled to recover these costs. (Pate Decl. at 2 (Ex. to Doc. No. 18).)

Finally, Plaintiffs request that the court enter a permanent injunction. Plaintiffs assert that "Defendants' conduct is causing irreparable injury that cannot fully be compensated or measured in money, and that they will continue to suffer such injury unless the Court enjoins Defendants from continuing to infringe Plaintiffs' copyrights." (Doc. No. 18 at 7.) Section 502(a) of the Copyright Act specifically provides for injunctive relief: "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

The court carefully has reviewed Plaintiffs' brief and the cases cited therein. (See Doc. No. 18 at 7-11.) The court finds that the weight of authority supports the issuance of Plaintiffs' proposed permanent injunction. See, e.g., Pacific and Southern Co., Inc. v. Duncan, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984). The court finds that the proposed permanent injunction, which is directed toward protecting both existing and future copyrighted works of Plaintiffs, is appropriate and reasonable based upon the scope and

nature of Defendants' infringement, the need to protect Plaintiffs' copyrighted works, and the public interest.

## VI.  ORDER

Accordingly, it is CONSIDERED and ORDERED that Plaintiffs' motion for default judgment be and the same is hereby GRANTED.  A separate judgment shall be entered contemporaneously herewith.

DONE this 26th day of June, 2007.

        /s/ Ira DeMent
        SENIOR UNITED STATES DISTRICT JUDGE